[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13136
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 8, 2009
THOMAS K. KAHN
CLERK

Agency No. A96-291-149

GJERGJI BREGU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 8, 2009)

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Gjergji Bregu, a native and citizen of Albania, petitions for review of the decision of the Board of Immigration Appeals that denied his application for asylum and withholding of removal under the Immigration and Nationality Act and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(c). Bregu argues that the Board erred in finding that the government had proved a sufficient change in country conditions to rebut the presumption of a fear of future persecution or that it is unlikely Bregu would be tortured if he returns to Albania. We deny the petition.

## I. BACKGROUND

Bregu entered the United States without authorization on February 23, 2002. The following year, Bregu filed an application for asylum and withholding of removal and sought relief based on his political opinion. Bregu alleged that he had been incarcerated, beaten, and threatened by the Socialist government and the state intelligence service. Bregu attached documents to his application to prove that he was a member of the Democratic Party in Albania and served as a member of the electoral commission in his local village in 2000 and 2001. Bregu also submitted a 2001 article from Amnesty International and a note from a Health Center to prove that he had been mistreated and threatened by the intelligence service and suffered a bone fracture and wounds to his head, face, and body.

2

At the asylum hearing, Bregu testified that he had been persecuted by the Socialist Party and its supporters because of his participation in the Democratic Party and his work to expose violations of the voting laws. Bregu stated that he was arrested in 1992, incarcerated for one day, beaten, and told not to attend Democratic Party meetings. Bregu acknowledged that he did not experience any problems between 1992 and 1997 because the Democratic Party was in power. Bregu testified that he was beaten by state intelligence agents in 1997 when he attempted to stop the agents from committing voter fraud. He alleged that in 1998 he and his father were arrested for demonstrating against the Socialist government. Bregu was imprisoned for two days and beaten and, when he returned home, he learned that state intelligence officers had visited his family home and warned that Bregu and his father would be "eliminated" if they continued their political activities. Bregu testified that he was beaten later that year for demonstrating against the arrest of six members of the Democratic Party.

Bregu testified that, before the elections in 2000, intelligence officers broke into Bregu's home and threatened him because he took part in an interview on a local radio station. After the election, members of the Socialist Party beat him and an intelligence officer threatened him at gunpoint because he reported the Socialist Party encouraged its supporters to commit voter fraud. Four days after the 2001

3

election, while Bregu was living in the village of Gora, he was kidnapped and beaten, and there was an explosion near his home, which injured his mother.

Bregu acknowledged that the Democratic Party won the 2005 national elections. He alleged that the Socialist Party continued to control many governments, but the 2004 Profile of Asylum Claims and Country Conditions stated that there were only minor incidents of harassment of election workers and there were no "indications that the Socialist Party, either through its own organization or through government authorities, [had] engaged in a pattern of repression or violent behavior against its opponents." The profile stated that the state intelligence service had been reformed and no longer participated in political activities.

The immigration judge denied Bregu's application. The immigration judge found Bregu's testimony "somewhat implausible" in the light of the 2004 Profile and, even if he credited the testimony, that Bregu did not establish he was persecuted based on his political opinion. The judge found that, even if Bregu had established past persecution, conditions had changed to rebut any presumption that Bregu would face future persecution or torture if he returned to Albania.

The Board agreed that Bregu "failed to meet his burdens of proof for asylum, withholding of removal, and protection under the" Convention. The Board assumed that Bregu was credible and had established past persecution for

4

his political opinions, but found that the government rebutted the presumption of future persecution based on the change in conditions. The Board found that Bregu failed to establish that he would be tortured if he returned to Albania.

## II. STANDARDS OF REVIEW

We review the decision of the Board to determine whether it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "To reverse [those] fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

## III. DISCUSSION

Bregu challenges the decision of the Board on two grounds. First, Bregu argues that the Board erred by finding that the government offered sufficient evidence of a change in conditions in Albania. Second, Bregu argues that he submitted sufficient evidence to establish a likelihood that he will be tortured if he returns to Albania. These arguments fail.

Substantial evidence supports the decision that Bregu was not entitled to withholding of removal. The record contains evidence of a change of conditions in Albania. Although Bregu alleges that he was persecuted by the Socialist government and the state intelligence service because of his participation in the Democratic Party, the record establishes that the Democratic Party is in control of

5

the Albanian government and that Bregu experienced no problems under their former regime. That substantial evidence also supports the finding that Bregu will not likely be tortured if removed.

## IV. CONCLUSION

Bregu's petition for review is **DENIED**.

**PETITION DENIED.**

6